| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-------------------------------------------------------------x<br>TYRONE GREENE,<br><br>                                        Plaintiff,<br><br>           -against-<br><br><br>THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, NEW YORK CITY POLICE DEPARTMENT, JOHN DOES #1-5, JANE DOES #1-5<br><br>                                        Defendant(s).<br>-------------------------------------------------------------x | **COMPLAINT**<br><br>**Civil Action No.: 1:24-cv-9154** |

Plaintiff, Tyrone Greene, by his attorney, EZRA B. GLASER, Esq., complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to redress the deprivation of the Plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks monetary damages, injunctive relief, declaratory relief, attorneys' fees, and costs against Defendants for their unlawful actions under color of state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights cases).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this Complaint occurred in this district.

5. This Court retains supplemental jurisdiction for State Law claims that arise under the same facts and circumstances as the federal claims pursuant to 28 U.S.C § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has exhausted all available administrative remedies, or in the alternative, administrative remedies were unavailable due to Defendants' failure to provide adequate processes or responses to Plaintiff's grievances.

## PARTIES

7. Plaintiff, Tyrone Greene, is an individual who was a pre-trail detainee at Riker's Island Correctional Facility (hereinafter, "Riker's Island") from September 9, 2020 until approximately September 12, 2022 when he was transferred to Sing Sing Correctional Facility after his criminal prosecution concluded.

8. Plaintiff, Tyrone Greene, currently resides at Sing Sing Correctional Facility located at 354 Hunter Street Ossining, NY 10562.

9. Defendant, The City of New York, is a municipal corporation organized under the laws of the State of New York, which manages and operates Riker's Island and employs its personnel.

10. Defendant, New York City Department of Corrections (DOC), is a governmental department within the City of New York's municipal governmental structure responsible for the custody and care of detainees.

11. Defendant, New York City Police Department (NYPD), is a governmental department within the City of New York's municipal governmental structure responsible for law enforcement.

12. Defendants John/Jane Does are individuals employed by the City of New York, the DOC, or the NYPD who participated in the violations of Plaintiff's rights.

## FACTUAL ALLEGATIONS

13. On or about September 9, 2020, Plaintiff was arrested and detained as a pretrial inmate at Riker's Island.

14. At all times herein, the Defendants were action under the color of State Law.

15. Plaintiff suffers from serious medical conditions, including asthma, pre-diabetes, and heart disease.

16. While detained, Plaintiff suffered two heart attacks on February 8, 2021, and underwent cardiac catheterization and stent insertion on February 9, 2021.

17. Plaintiff was prescribed daily medications, including Lipitor®, a blood thinner, and Toprol®, a beta-blocker, which required medical supervision and regular vital checks.

18. Defendants repeatedly failed to provide Plaintiff with access to necessary medical care, denying or delaying medications and monitoring on multiple occasions.

19. Defendants' deliberate indifference placed Plaintiff at high risk for further cardiac events, causing physical harm, emotional distress, and anxiety. This deliberate indifference by the Defendants to the Plaintiff's health and medical condition would continue throughout the Plaintiff's pre-trial detention at Riker's Island.

20. During the course of Plaintiff TYRONE GREENE'S pretrial detention, the Plaintiff and other inmates were left largely unattended by correctional staff, with no officers present

on the floor, despite rules, regulations, security designations and an extensive prior history of violence among the inmates.

21. Defendants John Does #1-5 and Jane Does #1-5 were charged with supervising inmates, providing security for inmates and Corrections Officers throughout Riker's Island, supervising inmates' transportation to the jail infirmary, preventing inmate violence, and other standard duties charged to Corrections Officers.

22. On or about November 29, 2021, around 12:00 noon to 1:00 p.m., while Plaintiff TYRONE GREENE was being housed at Robert N. Davoren Complex ("RNDC"), he was violently set upon, attacked and assaulted by several inmates who were permitted to roam free, carry scalpel(s) and be otherwise unsupervised. During the attack, Plaintiff was cut, slashed and stabbed by a scalpel-type instrument.

23. Defendants failed to supervise inmates or prevent weapons, such as scalpels, from circulating in the facility.

24. During the attack, Plaintiff sustained severe injuries, including stab wounds, fractured ribs, and injuries to his left knee.

25. Defendants were aware of ongoing safety risks at Riker's Island but failed to take corrective action, despite an extensive history of complaints and incidents.

26. As a result of Defendants' deliberate indifference, Plaintiff has suffered permanent physical injuries, emotional trauma, loss of liberty, and a diminished quality of life.

**FIRST CAUSE OF ACTION**

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
(U.S.C. § 1983 – EIGHTH AND FOURTEENTH AMENDMENTS)**

27. Paragraphs 1 through 26 are hereby realleged and reincorporated as if fully set forth herein.

4

28. Defendants, acting under color of state law, denied Plaintiff access to necessary medical care, violating his rights under the Eighth and Fourteenth Amendments.

29. Defendants' actions and omissions were deliberate, reckless, and malicious, causing harm to Plaintiff's health and safety.

## SECOND CAUSE OF ACTION

### FAILURE TO PROTECT
### (42 U.S.C. § 1983 – EIGHTH AND FOURTEENTH AMENDMENTS)

30. Paragraphs 1 through 29 are hereby realleged and reincorporated as if fully set forth herein.

31. Defendants failed to protect Plaintiff from a foreseeable attack by other inmates, resulting in serious injuries.

32. Defendants' actions constituted deliberate indifference to Plaintiff's safety in violation of the Eighth and Fourteenth Amendments.

## THIRD CAUSE OF ACTION

### MONELL LIABILITY (42 U.S.C. § 1983)

33. Paragraphs 1 through 32 are hereby realleged and reincorporated as if fully set forth herein.

34. The constitutional violations suffered by Plaintiff resulted from the City of New York's policies, practices, and customs, including but not limited to:

   a. Failure to adequately train and supervise corrections officers.

   b. Failure to prevent inmate violence and weapons circulation.

   c. Deliberate indifference to detainee medical needs.

35. Defendants' acts and omissions directly and proximately caused Plaintiff's injuries.

36. It is specifically alleged that the same pattern of negligent acts and omissions by the Defendants, as alleged in the case, caused Riker's Island to be placed into receivership by this Court in the matter of (*Nunez v City of NY*, 2024 US Dist LEXIS 207135 [SDNY Nov. 13, 2024, No. 11-CV-5845-LTS-RWL]).  On November 13, 2024, Chief United States District Judge Laura Taylor Swain held Defendants City of New York and New York City Department of Corrections in Civil Contempt as a result of ongoing Constitutional violations occurring at Riker's Island (*Supra*).

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION (STATE LAW CLAIM)

37. Paragraphs 1 through 36 are hereby realleged and reincorporated as if fully set forth herein.

38. Defendants, including the City of New York, had a duty to hire, train, and supervise their employees, including correctional officers and other staff at Riker's Island, to ensure the safety and welfare of detainees, including Plaintiff.

39. Defendants knew or should have known that their employees lacked the necessary training, supervision, or qualifications to perform their duties in a safe and lawful manner.

40. Despite this knowledge, Defendants negligently hired, retained, and failed to adequately train and supervise their employees, allowing them to engage in conduct that posed a substantial risk of harm to detainees, including Plaintiff.

41. Defendants' negligence created an environment in which Plaintiff was denied necessary medical care, subjected to unsafe and unsupervised conditions, and attacked by other inmates.

42. As a direct and proximate result of Defendants' negligent hiring, training, and supervision, Plaintiff suffered severe physical injuries, emotional trauma, and other damages.

43. Defendants' negligent actions and omissions were the result of reckless disregard for Plaintiff's safety and welfare, entitling Plaintiff to recover damages under New York State law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in the amount of $12,000,000;

b. Punitive damages against individual Defendants;

c. Injunctive relief requiring the City of New York to implement policies to ensure constitutional compliance at Riker's Island;

d. Declaratory relief stating that Defendants violated Plaintiff's constitutional rights;

e. Attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988;

f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and counts in the Complaint herein.

Dated: Brooklyn, New York
November 29, 2024

BY: _____

EZRA B. GLASER, Esq.
EZRA B. GLASER AND ASSOCIATES
Attorneys for the Plaintiff
TYRONE GREENE
3021 Fort Hamilton Parkway, (#1R)
Brooklyn, New York 11218
(212) 385-9300